128 Ill. App.2d 165 (1970)
262 N.E.2d 826
Cosmopolitan National Bank of Chicago, Guardian of the Estate of William Heap, Plaintiff-Appellant,
v.
Richard Heap, Defendant-Appellee.
Gen. No. 53,408.
Illinois Appellate Court  First District, Fourth Division.
August 19, 1970.
*166 John G. Phillips, of Chicago (Ellis B. Rosenzweig, of counsel), for appellant.
William P. Nolan, Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellee.
MR. JUSTICE ENGLISH delivered the opinion of the court.
William Heap (herein referred to as plaintiff), an eleven-year-old minor, allegedly suffered fractured cervical vertebrae as a result of a fall down a stairway in his parents' home. Cosmopolitan was appointed as his guardian and filed suit on his behalf against plaintiff's father, seeking $50,000 in damages. Upon defendant's motion, plaintiff's amended complaint was stricken by the trial court, the suit dismissed, and judgment entered in favor of defendant. Plaintiff has appealed from that judgment.
Plaintiff's amended complaint stated that, on February 20, 1966, he resided with his parents on premises owned and controlled by his father in Glenview. It alleged that plaintiff was "exercising that degree of care required by law for a minor age 11"; that defendant negligently created a private nuisance on his premises by causing or permitting a "loose, ill-fitting stairway rug to exist between floors and on a stairway"; and that defendant did not *167 give proper warning of this condition or take precautions to avoid or avert injury to persons, especially minors, rightfully using the stairway. It also averred that the "basis of the complaint lies in the regular, usual or customary manner of maintaining the premises ..., a duty which defendant owed to all persons." It further alleged that defendant maintained a liability insurance policy which provided that defendant did not have to conduct the defense of any such claim for personal injury; that "the matters, charges, complaints, allegations and averments of the plaintiff herein are not directly against his father, but, in fact, against the Worcester Mutual Fire Insurance Company, the plaintiff seeking an amount within said policy limits."
The central point of defendant's motion to dismiss was that the suit, in essence, is an action bought by a son against his father for negligence in the operation of the family home, and that no such cause of action exists. In view of the trial court's ruling on the motion, the specific issue presented for our review is whether an unemancipated minor child may maintain a cause of action against his father for personal injuries caused by his negligence in permitting a "loose, ill-fitting stairway rug" to be used in the family home. At the heart of this issue, the question is not one of the absence of a duty of reasonable care owed by a father to his son, but, rather, one of immunity from suit, based on public policy.
Plaintiff argues that the doctrine of parental immunity has no valid foundation in the common law and that in no Illinois Supreme Court cases has the court been called upon to apply it in mere negligence situations. Plaintiff has cited decisions from foreign jurisdictions which have discarded the parental immunity doctrine, but, as defendant's brief shows, there are many other jurisdictions which have recently affirmed application of the doctrine. We, therefore, think that an analysis of the divergent *168 views from outside sources would needlessly extend this opinion and offer little toward solution of the immediate problem. See citations and discussions in 19 ALR2d 423; 60 ALR2d 1284; Prosser, Law of Torts 3d ed, 1964, § 116, p 885.
The courts of this state have made favorable passing comment on the public policy bases for maintaining the doctrine of parental immunity in cases involving mere negligence. The decision in Nudd v. Matsoukas, 7 Ill.2d 608, 619, 131 NE2d 525, permitted suit for wilful and wanton misconduct in the driving of an automobile, but the court made reference to the issue now before us when it stated:
Any justification for the rule of parental immunity can be found only in a reluctance to create litigation and strife between members of the family unit. While this policy might be such justification to prevent suits for mere negligence within the scope of the parental relationship we do not conceive that public policy should prevent a minor from obtaining redress for wilful and wanton misconduct on the part of a parent.
The doctrine was examined again ten years later in Mroczynski v. McGrath, 34 Ill.2d 451, 454-455, 216 NE2d 317, when an incompetent sued his father's estate, alleging, among other complaints, that he had suffered severe mental and emotional distress through destruction of the family unit by his father's desertion and subsequent divorce. The court affirmed dismissal of the action on other grounds, but discussed its position with respect to the doctrine of parental immunity as follows:
Under the common law, a child could not maintain an action against his or her parents sounding in tort. This was a matter of public policy due to the interests of the State in maintaining harmony within *169 the family. This doctrine of parental immunity was recognized and adopted as the public policy of Illinois in Foley v. Foley, 61 Ill. App. 577 and Meece v. Holland Furnace Co., 269 Ill. App. 164. We had occasion to review this principle in Nudd v. Matsoukas, 7 Ill.2d 608, where we recognized the public policy of Illinois as declared by early decisions. We there held that while there might be sufficient justification to prevent suits for mere negligence, public policy in a case of wilful misconduct did not prevent redress of a minor from his parent, as to deprive the minor of redress in such a case would not foster family unity.
[1] Since the instant complaint alleges mere negligence, we believe that we are required to apply the rule of parental immunity. In so doing, we consider the result to be consistent with both our Supreme Court dicta and sound public policy. On policy grounds, we are confirmed in our conclusion by the views of the court in Schenk v. Schenk, 100 Ill. App.2d 199, 206, 241 NE2d 12, to which we subscribe:[*]
... there are no impelling reasons for eroding or emasculating the family immunity rule for conduct of either parent or child arising out of the family relationship and directly connected with the family purposes and objectives in those cases where it may be said that the carelessness, inadvertence or negligence is but the product of the hazards incident to inter-family [sic] living and common to every family. In such instances the immunity doctrine is neither unjust, unreasonable nor without a sound and solid foundation. To hold otherwise is to inject into *170 the courts a judicial supervision over everyday family conduct of parent and child, and invite endless litigation over what is or is not ordinary negligence in the operation of a household. The assumption of the role of paterfamilias by either the courts or State, except under most compelling circumstances, is foreign to our way of life.
[2] Plaintiff argues that these reasons are negated by the existence of the policy of liability insurance which allegedly would protect defendant from economic loss in this action. We deem this point to be without merit, since the existence or nonexistence of insurance coverage is not a proper factor in determining liability, and the introduction of such a policy into evidence would constitute error in a negligence action.
Accordingly, the judgment is affirmed.
Affirmed.
STAMOS, P.J. and DRUCKER, J., concur.
NOTES
[*] The decision in Schenk permitted suit by a father against his daughter for injuries resulting from her negligent driving of an automobile on the public street. The court held such conduct to be outside the scope of parent-child relationship.