.STELLA EISELE, Plaintiff-Appellant, *v.* CHARLES TENUTA, Defendant-Appellee.—(STELLA EISELE, Mother and Next Friend of Tara Eisele, a Minor, Plaintiff; ALFRED TENUTA *et al.*, Defendants.)

First District (4th Division)   No. 78-1183

Opinion filed April 10, 1980.

Morris W. Ellis, of Chicago, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, J. Patrick Herald, Edward J. Zulkey, and Daniel J. Cheely, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Stella Eisele, was injured while a passenger in a car driven by her son, the defendant, Charles Tenuta, while on a trip in Wisconsin. Stella Eisele and her minor daughter, Tara, brought an action alleging both negligence and wilful and wanton conduct against Charles Tenuta and Alfred Tenuta, Charles' grandfather, who owned the vehicle. Stella Eisele appeals from an order of the circuit court of Cook County which granted Charles Tenuta's motion for summary judgment as to her.

The motion was based on the family immunity doctrine. On appeal, Stella Eisele argues the law of the State of Wisconsin is controlling because the cause of action arose there; that a parent may sue her child where the injury occurred as a result of the child's wilful and wanton conduct; and that a parent may sue her child for negligent conduct where a question of fact exists concerning the existence of a "family purpose."

In his motion for summary judgment, Charles Tenuta attached portions of deposition testimony given by Stella Eisele in which she said she and her daughter were accompanying him on a visit to the University of Wisconsin at Madison for the purpose of determining whether or not he would attend school there. The deposition testimony also revealed that Charles Tenuta was 16 years old and was living with Stella Eisele at the time of the accident. Stella Eisele also testified at the deposition that she was accompanying her son to Madison at the request of Alfred Tenuta, Charles' grandfather. A memorandum accompanying the motion argued that, on the basis of these facts, the family immunity doctrine barred Stella Eisele's claim. Neither the motion nor the memorandum discussed the wilful and wanton count. Stella Eisele filed a response to the motion denying that she accompanied her son to Wisconsin for the purpose of determining whether or not he should attend the university; she alleged that the decision was for him alone to make. She also pointed out that she accompanied her son because of his grandfather's request that he not go alone. The response was not supported by affidavits or deposition testimony. The trial court granted Charles Tenuta's motion for summary judgment, and made a finding, under Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)), that there was no just reason for delaying enforcement or appeal.

Stella Eisele's first argument on appeal is that the law of the State of Wisconsin should apply to the case because the cause of action arose in that State. The State of Wisconsin has abolished the family immunity doctrine. (*Ertl v. Ertl* (1966), 30 Wis. 2d 372, 141 N.W.2d 208.) This issue is raised for the first time on appeal. It was not raised either in the complaint or in Stella Eisele's response to the motion for summary judgment. The defendant argues the issue is waived.

■ This issue was addressed in *O'Brien v. Rautenbush* (1956), 10 Ill. 2d 167, 139 N.E.2d 222, where, as here, a car accident occurred in Wisconsin and the possible applicability of Wisconsin law was not raised until the appeal. The court wrote:

> "When a litigant relies upon the laws of another State as the basis for his claim, he must plead and prove such laws, for the broad rule prevails that, in the absence of a showing to the contrary, such laws will be presumed to be the same as the laws of the forum. [Citations.] This point of application of Wisconsin law to the case,

therefore, not having been raised in the trial court, will not now be considered upon review. [Citations.]" (10 Ill. 2d 167, 169, 139 N.E.2d 222, 224.)

The issue was not raised below and we will not consider it here.

Stella Eisele next argues the court erred in dismissing the wilful and wanton count because the family immunity doctrine does not bar an action brought by a parent against her child where the wrongful conduct is alleged to be wilful and wanton. The defendant does not respond to this argument in his brief.

■■ Although neither the motion for summary judgment nor the memorandum filed in support thereof made reference to the wilful and wanton count of the complaint, both were directed at Stella Eisele generally. The order appealed from also refers to Stella Eisele generally. It therefore appears that the order granting Charles Tenuta's motion encompassed both counts in which Stella Eisele is the named plaintiff. The family immunity doctrine does not bar actions based on wilful and wanton conduct. (*Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 131 N.E.2d 525; *Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 395 N.E.2d 538 (dicta).) Therefore, the trial court erred in granting the motion as to the wilful and wanton count.

Stella Eisele's final argument is that the court erred in granting summary judgment because there was an issue of fact as to the existence of a "family purpose."

■ The family immunity doctrine bars actions for negligence between parent and child only when the conduct arises out of the family relationship and is directly connected with the family purposes and objectives. (*Schenk v. Schenk* (1968), 100 Ill. App. 2d 199, 241 N.E.2d 12.) Stella Eisele argues a trip made for the purpose of allowing Charles Tenuta to select a college does not accomplish a family purpose. She further contends that she accompanied her son only because his grandfather asked her to do so and that Alfred Tenuta is not regarded as a family member under the family immunity doctrine.

Stella Eisele relies on *Schenk v. Schenk* (1968), 100 Ill. App. 2d 199, 241 N.E.2d 12, where the court found the family immunity doctrine inapplicable. In that case the father sued his daughter on a negligence theory where the daughter was driving an automobile and struck her father while he was walking on a city street. The court reasoned that a suit charging a breach of duty owed the general public is not as disruptive to the family unit as one charging breach of a duty owed primarily to family members and thus bringing into contention the inner workings of the family.

■ We are not persuaded by this argument. Here, Stella Eisele was accompanying her unemancipated 16-year-old son, who was living in her

household, on a trip to Wisconsin to allow him to decide whether he wanted to become a student at the University of Wisconsin. Even though the mother would allegedly play no part in the decision-making process, we believe a family outing of this nature arises out of the family relationship and is directly connected with family purposes and objectives. The trial court was correct in determining, as a matter of law, that the trip involved a family purpose.

For the foregoing reasons the judgment of the circuit court granting summary judgment on the negligence count is affirmed and the judgment on the wilful and wanton count is reversed. The cause is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

LINN, P. J., and ROMITI, J., concur.