ILLINOIS NATIONAL BANK AND TRUST COMPANY, Guardian of the Estate of Benjamin Turner, a Minor, Plaintiff-Appellant, *v.* HAROLD L. TURNER, Defendant-Appellee.

Second District   No. 79-415

Opinion filed April 23, 1980.

LINDBERG, J., dissenting in part.

Bernard J. Natale, of Mateer and Erickson, of Rockford, for appellant.

Robert K. Skolrood, Jack D. Ward, and Jan H. Ohlnader, all of Reno, Zahm, Folgate, Skolrood, Lindberg & Powell, of Rockford, for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The Illinois National Bank and Trust Company filed a complaint as the guardian of Benjamin Turner, a minor, alleging personal injury to the minor as the result of his father's negligence in the operation of a motor vehicle. Harold L. Turner, the father, filed a motion to dismiss alleging that the bank's complaint failed to set forth any facts to show that the conduct of the father arose outside the family relationship and that by virtue of the rule of parental immunity the action was barred, because the complaint alleged ordinary negligence and not willful and wanton misconduct. The father's motion was supported by an affidavit stating that he is the father of the child, and at all times since his birth on May 20, 1976, he has provided financial support and care for him and has lived in

the same household with him. The court entered an order dismissing the complaint on the basis that the child was barred from suing the father by virtue of the rule of parental tort immunity.

The bank raises two issues on appeal: (1) Whether the court properly dismissed the complaint by virtue of the parental tort immunity rule and (2) Whether the rule of parental tort immunity should be abrogated.

The complaint alleges that the father's car was parked on a hill in front of the residence at 909 Paris Street, Rockford, Illinois. The emergency brake was not engaged nor were the front wheels turned as required by section 11—1401 of the Illinois Motor Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—1401). The father opened the door to let his young son, Matt, enter the car. Matt slid across the front seat and disengaged the gear shift. The car rolled backward and the father's other young son, Benjamin, plaintiff in this cause, was struck and injured.

The first case making reference to the common law doctrine of parental tort immunity was the 1891 case of *Hewlett v. George* (1891), 68 Miss. 703, 9 So. 885. In Illinois, the first case referring to this doctrine appeared in *Foley v. Foley* (1895), 61 Ill. App. 577, an early case from Grundy County which was then a part of the second district. The reference, contained in part of the court's instructions to the jury, cited no authority and reads as follows at page 579:

> " '[T]he child can not maintain a civil action for damages against its parents for such injury. This rule of law, as the court conceives, is founded upon consideration of public policy, affecting family government; that is, that the child shall not contest with the parent the parent's right to govern the child.' "

The first comment on, and modification of, the doctrine by the Illinois Supreme Court appeared in *Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 619:

> "Any justification for the rule of parental immunity can be found only in a reluctance to create litigation and strife between members of the family unit. *While this policy might be such justification to prevent suits for mere negligence within the scope of the parental relationship,* we do not conceive that public policy should prevent a minor from obtaining redress for wilful and wanton misconduct on the part of a parent." (Emphasis added.)

Additionally, the court said:

> "We do not feel that the announcement of this doctrine should be left to the legislature. The doctrine of parental immunity, as far as it goes, was created by the courts. It is especially for them to interpret and modify that doctrine to correspond with prevalent considerations of public policy and social needs."

Later, the supreme court in *Mroczynski v. McGrath* (1966), 34 Ill. 2d

451, 454-55, commented on its earlier review of the principle of parental immunity in *Nudd*, stating that it had there "recognized the public policy of Illinois [relating to parental immunity] as declared by early decisions" but notwithstanding the policy, held that a minor should not be denied redress from his parents in a case of willful misconduct. Ten years later, in *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, three justices, including the chief justice, dissented from the majority opinion and commented that contrary to the apparent belief of the majority and the parties to the appeal, the question of whether a parent is liable to his child for injuries absent willful and wanton misconduct has never been decided by the supreme court and should not, therefore, be considered "settled law." (63 Ill. 2d 165, 178-79.) However, subsequent supreme court cases have restated the parental tort immunity rule for mere negligence. (*Gerrity v. Beatty* (1978), 71 Ill. 2d 47; *Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165.) It would appear, then, that the doctrine announced in *Nudd* is, in fact, the rule in Illinois. Consequently, absent willful and wanton misconduct on the part of the parents, children may not maintain suits against their parents for mere negligence within the scope of the parental relationship.

The phrase "within the scope of the parental relationship" is noteworthy since it has been relied upon in several appellate court cases as the basis for strict interpretation of the parental tort immunity rule. In the case of *Schenk v. Schenk* (1968), 100 Ill. App. 2d 199, the court found that a complaint filed by a father against his daughter for injuries to him as a result of her mere negligence in driving a car stated a cause of action since there was no allegation that this negligence occurred while either party was engaged in conduct arising out of the parent-daughter relationship or in the furtherance of the usual family objectives. The father was simply a pedestrian on the street when he was struck by the car driven by his unemancipated daughter. Since the negligence had "no direct connection with the family relationship" (100 Ill. App. 2d 199, 206), the court did not find the doctrine of parental tort immunity to be a bar to the action. Neither did the court have any qualms about the reversal of the traditional status of the litigants wherein the parent is generally the defendant, not the plaintiff. We point out that the complaint in *Schenk* did not allege conduct arising within the family relationship. However, it did not affirmatively allege that the conduct arose outside the family relationship either. The *Schenk* court, therefore, reversed the trial court's dismissal of the complaint for failure to state a cause of action and remanded the cause.

The court in *Cosmopolitan National Bank v. Heap* (1970), 128 Ill. App. 2d 165, did not apply the *Schenk* inside/outside family relationship

rationale *per se.* In *Heap*, the child sued his father for injuries sustained allegedly as the result of the father's negligence in permitting the existence of a loose stairway rug in the family home. Although the plaintiff's amended complaint specifically alleged that the duty to maintain a safe rug was a duty defendant owed to all persons (*i.e.*, outside the family relationship), the court found the complaint failed to state a cause of action because it alleged only mere negligence and was therefore barred by the parental tort immunity rule. Although the court did not specifically find that the negligent maintenance of a stairway rug in a home was a duty considered to be "within the family relationship," it may be inferred that that was indeed what it felt, since it explicitly subscribed to the *Schenk* court's view that:

> " '* * * there are no impelling reasons for eroding or emasculating the family immunity rule for conduct * * * arising out of the family relationship and directly connected with the family purposes and objectives * * *.' " 128 Ill. App. 2d 165, 169.

The *Schenk* rationale was used in *Cummings v. Jackson* (1978), 57 Ill. App. 3d 68. In that case, the defendant's minor child sued her for negligence in failing to trim trees located in the grass parkway between the edge of the street and her nearest property line. The failure to trim violated a city ordinance and was alleged to have been the proximate cause of the plaintiff's injuries, since the driver's view was obstructed by the untrimmed trees. The court felt the mother's duty to trim trees was a duty owed to the public generally. Since the injury was not alleged to have arisen either inside or outside the family relationship, the court determined that the parental tort immunity rule was not a bar to the action and that the action had been improperly dismissed.

If the case at bar were to be resolved in the light of *Nudd, Schenk, Heap* and *Cummings,* the dismissal of the complaint would have to be reversed since the complaint in the case at bar, like the complaints in *Schenk* and *Cummings,* did not allege that the negligence arose "within the family relationship." If it had so alleged, parental tort immunity would require immediate dismissal. Since it did not so allege, the application of *Schenk, Heap* and *Cummings* would require reinstatement of the complaint, to permit a determination of whether or not the negligence did in fact arise inside or outside the family relationship.

It is our belief that a complaint should be judged sufficient or insufficient at law based on what it does allege and not on what it does not allege as was the case in *Schenk* and *Cummings.* We believe it is the duty of the plaintiff to include in the complaint an affirmative allegation supported by specific facts that the injury arose as the result of negligence in connection with an activity outside the family relationship. Failure to

make such an allegation will render the complaint insufficient at law and subject to a motion to dismiss on the basis of the parental tort immunity rule. Plaintiff in the case before us has not alleged negligence either inside or outside the family relationship, simply negligence. Plaintiff's complaint is therefore insufficient at law and was properly dismissed by the court below as being barred by the parental tort immunity rule. Our finding, which we consider to be the better rule, has support, albeit in dicta, in the case of *Johnson v. Myers* (1972), 2 Ill. App. 3d 844. The case concerned the bringing of a tort action by a child for the ordinary negligence of a parent, now deceased. The court felt the doctrine would not serve to bar such an action considering the family relationship had dissolved upon the death of the parent. The court considered briefly, however, the plaintiff's alternate argument that the operation of a motor vehicle with minor children as passengers is not a peculiarly parental function since the parent, as operator of the vehicle, owed a duty of care to others as well as to her children. The court stated that it did not agree that the operation of a motor vehicle must necessarily be outside the family relationship. But the court noted that although the complaint sufficiently alleged acts of negligence, "it alleges no particular facts which would show that the conduct of decedent arose outside of the family relationship. We therefore do not decide the case on this issue." (2 Ill. App. 3d 844, 846.) We think we have fairly construed this passage to require the affirmative allegation that the negligence arose outside of the family relationship if the complaint is to withstand a motion to dismiss.

■ With respect to the second issue concerning abrogation of the rule, plaintiff has cited numerous cases foreign to Illinois which are representative of the jurisdictions that have either abolished the doctrine entirely or have upheld parental liability for mere negligence except in certain instances, *e.g.*, activities of parental discipline, care and control; statutory enactment, and the existence of automobile liability insurance. We feel that the public policy reasons which spawned the doctrine remain fertile ones. There is no less need today for family harmony than in 1895, indeed, perhaps more. *Nudd* made it clear that the doctrine is amendable to modification and interpretation by the courts, and *Schenk, Heap, Cummings* and *Johnson* are only several of a host of cases that make it clear that the courts are not shy about the role they play in the living law. It is our conclusion that the plaintiff has offered no cogent reasons for rejecting the doctrine *in toto,* and we decline to do so.

The judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

WOODWARD, J., concurs.

Mr. JUSTICE LINDBERG, dissenting in part:

I concur in those portions of the majority opinion holding that doctrine of parental immunity has been recognized by Illinois courts and concluding that it is not our role in this case to abolish the doctrine. However, I respectfully dissent from that portion of the opinion placing on the plaintiff the burden of including in his complaint an affirmative allegation supported by specific facts that the injury arose in connection with an activity outside the family relationship.

My reading of the *Schenk, Heap, Cummings,* and *Johnson* cases is that the allegations of the complaint *as a whole* were considered to determine if the behavior complained of was within or outside the parental relationship. Beyond this general pleading burden, a plaintiff has not heretofore been saddled with any specific pleading obligation. Further it is my view that, in looking at the complaint in the instant case as a whole, the complained-of behavior was not necessarily inside the scope of the parental relationship. The complaint alleges the breach of two general duties owed to the public at large: proper parking of an automobile and negligent supervision of a child inside an automobile. The breach of such a duty owed primarily to the general public has been recognized to place a case outside of the parental immunity doctrine. (*Cummings v. Jackson* (1978), 57 Ill. App. 3d 68, 70.) As in *Cummings* it could have just as easily been a neighbor who was injured by defendant's alleged negligence. A different case would be presented by a complaint alleging negligent supervision of the child who was the injured party. Such an action presumably would be barred as being within the family relationship.

For the foregoing reasons, I would reverse the judgment of the trial court and reinstate the complaint.