George R. GERMANN, etc., Plaintiff,

v.

Philip PEKOW, et al., Defendants.

No. 81C367.

United States District Court,
N. D. Illinois, E. D.

Nov. 27, 1981.

Barbara B. Hirsch, Chicago, Ill., for third-party plaintiff Midland Hotel Corp., et al.

J. Robert Geiman, Kevin G. Burke, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for third-party defendant Guardian Life Ins. Co.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

George R. Germann ("Germann") has sued various defendants (collectively "Midland") for violation of the Age Discrimination in Employment Act of 1967 ("ADEA," 29 U.S.C. §§ 621 ff.). Midland has filed a third-party claim against Guardian Life Insurance Company of America ("Guardian"), asserting that if Midland is liable for violation of the Act Guardian is in turn liable to Midland. Guardian has moved to dismiss Midland's third-party complaint (for ease of reference, the "Complaint")[1] for failure to state a cause of action. For the reasons stated in this memorandum opinion and order Guardian's motion is granted and the Complaint is dismissed.

### Facts[2]

On February 24, 1981 Germann filed an amended complaint against Midland alleging that a group life insurance policy provided by Midland to its employees violated ADEA. Midland had acquired the allegedly tainted policy when, on December 13, 1971, it purchased a group medical insurance policy for its employees from Guardian. As a condition of that purchase, Guardian required that Midland also purchase group life insurance for its employees. As might

---

1. Midland has incorrectly dubbed its claim a cross-complaint. Germann did not sue Guardian, which was newly brought into this action by Midland under Fed.R.Civ.P. ("Rule") 19. Midland's Complaint is thus a third-party complaint under Rule 14(a) rather than a cross-claim under Rule 13(g).

2. For purposes of this motion to dismiss, all well-pleaded allegations of both Germann's amended complaint and the Complaint are assumed to be true.

be expected, the group life insurance policy was Guardian's form policy, drafted solely by Guardian and containing terms determined solely by Guardian.

### Midland's Claim

■ In factual terms the Complaint is stated very simply indeed, but its legal theory is not nearly so clear. Though the Complaint's allegations appear to state a claim for *indemnity*, Midland's memorandum opposing Guardian's motion speaks only in terms of Guardian as a joint tortfeasor liable for *contribution*.[3] On that score this year's Supreme Court opinion in *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981) is fatal to Midland's claim. True enough, *Northwest Airlines* dealt with the Equal Pay Act and Title VII of the Civil Rights Act of 1964 rather than ADEA, but in analytical terms the problems are essentially identical. It is unnecessary to repeat the several facets of the *Northwest Airlines* reasoning. Suffice it to say they are dispositive in requiring rejection of an action for contribution by Guardian.

That does not end the inquiry, however. If the Complaint states a cause of action on *any* theory it must be sustained against a motion to dismiss. Even though it is not the Court's responsibility to try lawsuits for the litigants, it is of course not bound by their analysis of the issues.

Two possibilities present themselves under the factual allegations of the Complaint, both grounded in state law (*Northwest Airlines*, 101 S.Ct. at 1582–84, negated a *federal* common-law right to contribution):

(1) a state-created right of contribution based on a duty owed by Guardian to Germann (see Ill.Rev.Stat. ch. 70, §§ 301–05);

(2) a state-created right of indemnity based on a duty owed by Guardian to Midland.

In either case such a claim could be asserted here under the principles of pendent jurisdiction announced in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Thus if it were proved for example that Guardian *knew* of the illegality of the group life insurance policy under ADEA when it sold the package group policy to Midland, that might ground an action for fraud under Illinois law. To choose another possibility, it might be proved that Guardian breached its duty of care owed to an insured in writing and issuing policies of insurance. *See, Cleary v. Country Mutual Ins. Co.*, 63 Ill.App.3d 637, 20 Ill.Dec. 547, 380 N.E.2d 525 (4th Dist. 1978). Or it might be proved that Guardian had and breached some duty of disclosure as to the ADEA-vulnerable flaw in its group life policy.

But even apart from Midland's failure to advance any of those (or any other) *legal* theories to support liability, the difficulty is that its Complaint (even construed most broadly in favor of the pleader) fails to make out any of the necessary allegations against Guardian. It states no source for a duty owed by Guardian to either Germann or Midland, nor does it identify any such duty. At best it alleges only that Guardian required Midland to purchase the group life insurance policy,[4] a form policy drafted

---

**3.** One of the essential elements of a contribution claim is "common liability"—that is, the third-party defendant's violation of a duty owed to the *original plaintiff*. *Northwest Airlines* (cited in text), 101 S.Ct. at 1578–79. Indemnity actions are more difficult to categorize. W.Prosser, *Handbook of the Law of Torts* § 51 (4th ed. 1971). To the extent they may also be predicated on the third-party defendant's liability to the original plaintiff, the analysis of contribution liability (or non-liability) would be equally applicable, and the following

discussion in the text of this opinion would defeat Midland's claim against Guardian. But there is another well-recognized branch of indemnity (indeed the most clearly distinguishable from contribution): that stemming from a breach of duty by the third-party defendant (here Guardian) to the *third-party plaintiff* (here Midland). Prosser § 51 at 313. This opinion's references to indemnity should be understood as limited to that branch.

**4.** Guardian's position is (at least in part) that no one held a gun to Midland's corporate

solely by Guardian on terms determined solely by Guardian. On the allegations of the present Complaint, Guardian's motion must be granted.

### Conclusion

This Court grants Guardian's Rule 12(b)(6) motion to dismiss Midland's third-party complaint for failure to state a claim upon which relief can be granted.[5] Such dismissal is of course without prejudice to Midland's possible reassertion of a valid state-law claim against Guardian.

head—that it had a free choice of the group policies it wanted to buy. If some duty (of the nature suggested in the text or otherwise) were shown to exist, the availability of other coverage to a party unaware of the illegality of Guardian's group life policy would not necessarily excuse liability.

5. Midland has also asserted Guardian's authorship of the group life policy as the predicate for its being a "necessary party" to the litigation. Rule 19 hardly supports any such notion. To the extent Guardian's input as to the policy becomes necessary, its personnel may be called as witnesses without its becoming a party litigant.