Amy N. DUENSING, a minor by her father and next friend, Clint W. DUENSING, and Clint Duensing, Individually, Plaintiffs,

v.

Michael L. TRIPP, Defendant.

Michael L. TRIPP, Third-Party Plaintiff,

v.

Sherri DUENSING, Third-Party Defendant.

Civ. No. 83–3350.

United States District Court, S.D. Illinois.

Oct. 29, 1984.

Stephen M. Tillery, Kassly, Bone, Becker, Dix, & Tillery, P.C., Belleville, Ill., for plaintiffs.

John B. Gunn, Walker & Williams, P.C., Richard F. Nash, Gundlach, Lee, Eggmann, Boyle & Roessler, Belleville, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is third-party defendant's Motion to Dismiss the third party action for contribution (Document No. 14). Clint Duensing brought this negligence action on behalf of his daughter Amy Duensing for damages incurred when an automobile driven by defendant Michael Tripp struck Amy. Defendant Tripp filed a third-party complaint seeking contribution against Sherri Duensing, Amy's mother, alleging that Amy's injuries resulted in part from Sherri's negligent supervision of Amy. Sherri Duensing moves to dismiss the third-party complaint arguing that parental immunity precludes a third-party action for contribution against a parent. Both parties agree that this is a question of first impression in Illinois. Therefore, this Court is obliged to use its own best judgment in predicting what the Illinois Supreme Court would decide in the case. *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.,* 583 F.2d 426 (9th Cir.1978). *Cf. Lamb v. Briggs, Mfg., A Div. of Celotex Corp.,* 700 F.2d 1092 (7th Cir.1983).

The sole issue to be determined herein is whether contribution may be sought under the pleadings from a parent of an injured minor plaintiff where said parent's alleged negligent supervision contributed to the injuries. In *Larson v. Buschkamp,* 105 Ill. App.3d 965, 61 Ill.Dec. 732, 435 N.E.2d 221 (1982), the court faced a similar issue in that the contribution claim was based on the parent's negligence in driving the car which defendant's car struck. The Second District held that parental immunity was not a bar to the contribution action. However, the court specifically left open the question before this Court. The *Larson* Court stated:

In other jurisdictions where an allegation of negligent supervision by a parent either in a direct suit by a minor against a parent or in an action for contribution against a parent, the rule of parental immunity has been preserved.... However as this issue is not before us, we need only find that, under the pleadings

as presented here, contribution may be sought from a parent of an injured minor plaintiff where the parent's alleged negligence contributed to the minor's injuries. *Id.* 61 Ill.Dec. at 737, 435 N.E.2d at 226 (citations omitted).

Other jurisdictions which have addressed the issue before this Court are not in agreement. In *Holodook v. Spencer,* 36 N.Y.2d 35, 324 N.E.2d 338, 364 N.Y.S.2d 859 (1974), the Court of Appeals of New York, which had previously abolished parent-child immunity, held that there was nonetheless no parental liability either directly or for contribution for negligent supervision simply because there was no cognizable tort of negligent supervision. In *Schneider v. Coe,* 405 A.2d 682 (Del.1979), the Supreme Court of Delaware held that where parental control, authority, or discretion is involved, the rule of parental immunity must be preserved so as to bar a contribution claim. Likewise, in *Pedigo v. Rowley,* 101 Idaho 201, 610 P.2d 560 (1980), the Idaho Supreme Court held that parental immunity of the father barred third parties who were tortfeasors from seeking contribution. In *Quest v. Joseph,* 392 So.2d 256 (Fla.Dist.Ct.App.1980), the court held that the parent-child immunity was not a bar to a contribution claim against a parent for negligent supervision. In addressing *Holodook,* the *Quest* Court stated that the reason why there are no Florida child versus parent negligent supervision cases is not that there is no tort for negligent supervision, but that all such actions have been barred by the parental immunity. 392 So.2d at 260. In *Middleton v. Village of Nichols,* 114 Misc.2d 596, 452 N.Y.2d 157 (N.Y.Sup.Ct.1982), the Supreme Court of New York reaffirmed the holding in *Holodook* by stating that since a minor child has no cause of action against a parent for negligent supervision, a parent could not be held liable in contribution. However, in *Aquaviva v. Piazzolla,* 117 Misc.2d 581, 458 N.Y.2d 979 (1982), a New York court distinguished *Holodook* by holding that where a parent negligently entrusted a child with a dangerous instrumentality a contribution action would lie against the parent. Finally, in *Miller v. Leljedal,* 71 Pa.Commw. 372, 455 A.2d 256 (1983), the Pennsylvania Commonwealth Court held that since state law had long since recognized a parental duty to exercise reasonable care to protect children and to keep them from danger, a contribution action would lie against the mother for negligent supervision.

█ After a careful review of these cases, the Court believes that the proper approach is to first ascertain whether Illinois would recognize a tort of negligent supervision. The rationale for this approach is that under the Illinois Contribution Among Joint Tortfeasors Act, Ill.Ann. Stat. ch. 70, § 302 (Smith-Hurd Supp.1984–85), the right to contribution arises "where two or more persons are subject to liability in tort arising out of the same injury ...." *Id.* Accordingly, one essential element of contribution is that the third-party defendant must be liable to the plaintiff for the same injury. *See Germann v. Pekow,* 531 F.Supp. 355, 356 n. 3 (N.D.Ill.1981). In the context of this case, the defendant may seek contribution from the mother of the plaintiff if the mother were liable to the child for the injury. Based on this rationale, *Holodook* and its progeny have taken the position that there can be no contribution because there is no cognizable tort of negligent supervision in New York to support the parent's liabi.:.y to the child.

The Court realizes that its attempt to determine whether Illinois would recognize a tort based on negligent supervision is hindered by the fact that in Illinois the parental immunity still bars an action by the child against the parent. Thus, in Illinois as in Florida, there are no child versus parent negligent supervision cases because they have been barred by the immunity. *See Quest,* 392 So.2d at 260. However, the Court must determine, absent the immunity, whether Illinois would recognize a child's right to sue the parent for negligent supervision before it decides to lift the immunity as a bar to the contribution action. As a practical note, the Court also realizes

that many of the policy reasons behind allowing a child to sue the parent for negligent supervision are the same reasons for lifting the immunity and allowing a defendant to seek contribution.

The Court is of the opinion that absent the immunity, Illinois would not recognize the tort of negligent supervision in this context. It reaches this conclusion by analyzing those areas in which negligent supervision has formed the basis of other torts.

The Courts have recognized actions by third parties against the parent for the torts of the child only in limited situations.

A parent is under a duty to exercise reasonable care so as to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

(a) knows or has reason to know that he has the ability to control his child; and

(b) knows or should know of the necessity and opportunity for exercising such control.

Section 316 Restatement of Torts (Second). Illinois law is in accord. *Cooper v. Meyer*, 50 Ill.App.3d 69, 7 Ill.Dec. 916, 365 N.E.2d 201 (1977). *See also* Parental Responsibility Law, Ill.Ann.Stat. ch. 70, § 53 (Smith-Hurd Supp.1984–85). Additionally, parents can be liable to third parties for negligently supervising a child if the parent places a dangerous instrumentality in the child's hands where the child is not familiar or which he is lacking in experience as to its operation. *Rautbord v. Ehmann*, 190 F.2d 533 (7th Cir.1951).

■ Thus, it is apparent that absent the intentional tort or dangerous instrumentality, Illinois does not recognize a third party's claim against the parent based on the parent's negligent supervision of the child. Therefore, it would appear unlikely that, absent the immunity, Illinois would recognize a child's claim against the parent for negligent supervision. Although the duty involved in the above case is a duty to prevent harm to a third party by supervising the child, whereas the duty in the present case would be a duty owed to the child, the basis for either case is the supervision aspect. The Court is reluctant to hold that a parent owes his or her child a duty to proper supervision which, if breached, would support a tort action on behalf of the child, when the Illinois courts have failed to recognize that the parent owes the same duty to supervise the child to a third party.

Additionally, the Court is ever mindful of the practical concerns expressed in *Holodook*.

We can conceive of few, if any, accidental injuries to children which could not have been prevented, or substantially mitigated, by keener parental guidance, broader foresight, closer protection and better example. Indeed, a child could probably avoid most physical harm were he under his parents' constant surveillance and instruction, though detriment more subtle and perhaps more harmful than physical injury might result. If the instant negligent supervision claims were allowed, it would be the rare parent who could not conceivably be called to account in the courts for his conduct toward his child, either by the child directly or by virtue of the procedures allowed by *Dole* [*v. Dow Chemical Co.*, 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288].

324 N.E.2d at 343, 364 N.Y.S.2d at 866. Further, the Court agrees with the fears expressed in *Holodook* that an application of the reasonable man standard in such a context would be disastrous. The application of a standardized norm could "circumscribe the wide range of discretion a parent ought to have in permitting his child to undertake responsibility and gain independence." *Id.* 324 N.E.2d at 346, 364 N.Y.S.2d at 870.

■ For these reasons, the Court holds that, absent the parental immunity, Illinois would not recognize a child's action against the parent for negligent supervision. Therefore, a defendant cannot seek contribution against the child's parent for negligent supervision. The Court feels obliged

to emphasize again that it recognizes that for all practical purposes its discussion concerning the child's right to sue the parent for negligent supervision is theoretical rhetoric since the immunity bars any action by the child against the parent. However, the Illinois Legislature, in enacting the contribution statute, has clearly indicated that contribution is permitted only where a third-party defendant is liable to the plaintiff for the same injury.

Accordingly, the third-party defendant's Motion to Dismiss the Third-Party Complaint (Document No. 14) is hereby **GRANTED.** Third-Party Defendant Sherri Duensing is hereby **DISMISSED.**

**IT IS SO ORDERED.**