JOSEPH MOON, a Minor, by Seung Moon, his Father and Guardian, Plaintiff, v. ROY W. THOMPSON, Defendant and Third-Party Plaintiff-Appellant (Seung Moon *et al.*, Third-Party Defendants-Appellees).

First District (4th Division)   No. 84—115

Opinion filed September 20, 1984.

Rooks, Pitts, Fullagar & Poust and Mountcastle & DaRosa, P.C., both of Wheaton (Nancy A. McKeating and David G. Mountcastle, of counsel), for appellant.

Brenner, Mavrias, Dorn & Alm, of Chicago (Bruce Farrel Dorn, of counsel), for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

The sole issue raised in this appeal is whether the common law doctrine of parental tort immunity bars an action for contribution against the parents of an injured minor child. The minor plaintiff, Joseph Moon, was riding his bicycle when he was struck by an automobile driven by the defendant, Roy Thompson. A lawsuit for personal injuries was filed against the defendant on behalf of the plaintiff by the plaintiff's father. The defendant answered the complaint and filed a third-party action for contribution against the plaintiff's parents. The trial court dismissed the third-party complaint, finding that the parental tort immunity doctrine barred an action for contribution against the plaintiff's parents. The defendant now appeals the trial court's order dismissing his third-party complaint.

The essence of the defendant's argument on appeal may be summarized briefly. The defendant maintains that the parents were under a statutory duty to properly instruct their son in regard to the laws pertaining to the operation of a bicycle. (See Ill. Rev. Stat. 1977, ch. 95½, par. 11–1501(b).) Because the third-party complaint alleges that the plaintiff's parents were negligent in fulfilling this statutory duty, the defendant contends that Illinois case law supports an action for contribution against the parents. We agree.

The doctrine of contribution among joint tortfeasors was first adopted by the Illinois Supreme Court in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437. The *Skinner* decision was later codified by the legislature in the Contribution Among Joint Tortfeasors Act. (Ill. Rev. Stat. 1979, ch. 70,

par. 302.) The Act provides: "[w]here 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them ***." Ill. Rev. Stat. 1979, ch. 70, par. 302(a).

The law favoring contribution has occasionally clashed with certain statutory immunities which would defeat a direct action against the party from whom contribution is sought. In the cases addressing this issue, the Illinois courts have balanced the competing public policy concerns supporting contribution and immunity, and generally have found that the law of contribution must prevail over a conflicting principle of immunity. For example, in *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382, the Illinois Supreme Court encountered the immunity provided to employers under the exclusivity provision of the Workers' Compensation Act. (See Ill. Rev. Stat. 1981, ch. 48, pars. 138.5(a), 138.11.) The court found that despite the protection provided to employers from a direct suit by employees, a third party who had been sued by an injured employee could bring a third-party action for contribution against the employer. In reaching its decision, the court stated that "[t]he intent of the contribution statute was to reach anyone who is culpable regardless of whether they have been immunized from a direct tort action by some special defense or privilege." (*Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 9, 461 N.E.2d 382, 386.) Thus, the court concluded that the public policy considerations supporting contribution superseded the immunity provided to employers by the Workers' Compensation Act when the two principles came into conflict. See also *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437.

Similarly, in *Wirth v. City of Highland Park* (1981), 102 Ill. App. 3d 1074, 430 N.E.2d 236, the issue before the court was whether the interspousal tort immunity doctrine barred a third-party contribution action against a third-party defendant who had been married to the plaintiff in the primary action when the cause of action arose. The Illinois statute containing the interspousal tort immunity doctrine states that "neither husband nor wife may sue the other for a tort to the person committed during coverture." (Ill. Rev. Stat. 1979, ch. 40, par. 1001.) The *Wirth* court noted the conflict between the interspousal tort immunity doctrine and the Contribution Act, stating that the recent trend in Illinois had been to curtail common law tort doctrines to allow contribution among joint tortfeasors and that "to allow a loophole to contribution would mar our promising new contribution and comparative negligence schemes as well as detract from an equitable development of these doctrines." (*Wirth v. City of Highland Park*

(1981), 102 Ill. App. 3d 1074, 1080, 430 N.E.2d 236, 241.) Furthermore, the court observed that if the legislature had intended to preserve interspousal tort immunity as a bar to contribution from a negligent spouse, specific language would have been included in the Contribution Act as had been done in other jurisdictions. Accordingly, under the law of Illinois, the *Wirth* court found that the public policy considerations inherent in the Contribution Act outweighed those which concerned the interspousal tort immunity doctrine.

In *Larson v. Buschkamp* (1982), 105 Ill. App. 3d 965, 435 N.E.2d 221, the court addressed the interplay between the Contribution Act and the common law parental tort immunity doctrine, a setting which also comprises the conflict at issue in the case at bar. Unlike the case at bar, however, the *Larson* court did not encounter facts touching peripherally upon the issue of a parent's negligent supervision of his child. In *Larson*, the father of three minor children was driving an automobile which collided with a car driven by the defendant. The children's mother brought suit against the defendant for negligence. The defendant filed a third-party contribution action against the father. Although the children would have been barred by the parental tort immunity doctrine from bringing a direct suit against their father, the appellate court found that the defendant nonetheless could pursue an action for contribution against the father under the Contribution Act. In reaching its decision, the court cited the *Wirth* opinion and stated that no public policy considerations would be sacrificed by the application of the Contribution Act over the competing provisions of the parental tort immunity doctrine. The *Larson* court specifically stated, however, that it declined to decide whether a contribution action would lie if the third-party complaint alleged that the parent-third-party defendant had negligently supervised the actions of his child. Although the *Larson* court discussed the concept of negligent supervision at great length, the court's holding was expressly limited in its application to exclude actions for negligent supervision. Whether negligent supervision of a minor child will support a third-party action for contribution has thus remained an open question in Illinois.

It is against this background of Illinois case law that we address the facts presented in the case at bar. The plaintiff has argued that this is solely a case of negligent supervision which should defeat an action for contribution. In essence, the plaintiff maintains that parental supervision of a child is by its very nature a personal and private aspect of the family unit which falls squarely within the confines of the parental tort immunity doctrine. In such a situation, the plaintiff

contends, a parent's authority, discretion and control in rearing his child should prevail over any conflicting provisions of the Contribution Act. Under the facts of the instant action, we disagree.

The defendant has alleged in his third-party complaint that the plaintiff's parents negligently performed a statutory duty to oversee the actions of their child. The Illinois Motor Vehicle Code makes it unlawful for a parent to "authorize or knowingly permit" his child to violate any provisions of the Code, including those provisions which set forth the law pertaining to the operation of bicycles. (Ill. Rev. Stat. 1977, ch. 95½, par. 11—1501(b).) The defendant observes that "[t]he statute itself denies parents the discretion to do as they see fit and tells them what they must do." In other words, the defendant maintains that a parent's discretion and control in overseeing his child's use of a bicycle has already been circumscribed by the legislature and that therefore, no compelling public policy considerations would suffer by allowing a third-party to pursue a contribution action against the parent.

We believe that the defendant's reasoning is sound. This is not a pure case of negligent parental supervision; rather, the parental supervision at issue in this case concerns a statutory duty imposed upon parents by the legislature. The legislature has already determined that it is a proper exercise of its police power to dictate the manner in which a parent shall instruct and supervise his child's operation of a bicycle. Thus, we do not believe that a third-party action for contribution would violate the private confines of the family unit in any manner other than that already condoned and prescribed by the legislature. Because this is not an action concerned with a parent's private and personal right to supervise the actions of his child, we believe that the *Larson* decision controls the facts presented in the case at bar. As in *Larson*, there are no compelling public policy considerations that dictate the protection of the parental tort immunity doctrine in regard to actions for contribution. Accordingly, we find that the trial court improperly dismissed the defendant's third-party action for contribution against the plaintiff's parents.

We believe this conclusion is supported by the trend represented by the *Doyle, Wirth,* and *Larson* cases, wherein the provisions of the Contribution Act prevailed against a competing principle of immunity. We further think the above reasoning is proper in light of the manner in which the parental tort immunity doctrine has been eroded by the Illinois courts in recent years. In *Schenk v. Schenk* (1968), 100 Ill. App. 2d 199, 241 N.E.2d 12, the court allowed a father to recover for personal injuries when he was negligently struck by a car driven by

his minor daughter while he was a pedestrian on a city street. Because the accident had no direct connection to the family relationship, the parental tort immunity doctrine did not bar an action by the father against his daughter. Similarly, in *Cummings v. Jackson* (1978), 57 Ill. App. 3d 68, 372 N.E.2d 1127, a child was injured by an automobile. The driver of the automobile alleged that the child's parent had failed to trim certain trees which blocked the child from the driver's view. The driver pursued an action for contribution against the parent for the child's injuries. The court found that because the parent's duty to maintain the trees was a duty owed to the general public, the driver's third-party action for contribution would lie against the parent.

In the case at bar, the legislature has removed a parent's control of his child's operation of a bicycle outside the very private inner-circle of the family relationship. As in *Schenk*, the public policy considerations necessitating protection of the family unit will not be disturbed if the parental tort immunity doctrine is not strictly observed in this case. Furthermore, as in *Cummings*, the duty of the plaintiff's parents to instruct their child regarding the operation of a bicycle was a duty imposed for the safety of both the child and the general public. Where strict application of the parental tort immunity doctrine has been found unnecessary by the Illinois courts absent compelling policy reasons to the contrary, we do not believe that the rationale underlying the parental tort immunity doctrine was sufficient to prevail over the allowance of an action for contribution in the case at bar.

For the reasons stated above, the trial court's order dismissing the defendant's third-party complaint is reversed.

Reversed.

JOHNSON and ROMITI, JJ., concur.