JASON HARTIGAN, a Minor, by his Father and Next Friend, Dennis Hartigan, Plaintiff-Appellee, v. RICHARD BEERY et al., Defendants and Third-Party Plaintiffs and Counterplaintiffs-Appellants (Karen Hartigan, Third-Party Defendant-Appellee; Dennis Hartigan, Counterdefendant-Appellee).

First District (5th Division)   Nos. 84—0546, 84—0701 cons.

Opinion filed October 19, 1984.

Law Offices of William E. Phillips, of Chicago (Michael F. Healy, of counsel), for appellants.

Robert C. Collins, Jr., of Law Offices of Darryl R. Lem, of Calumet City, for appellee Karen Hartigan.

Morris Haas, of Dannen, Crane, Heyman & Haas, of Chicago, for appellee Dennis Hartigan.

JUSTICE SULLIVAN delivered the opinion of the court:

This appeal is from summary judgments against Richard and Peggy Beery (the Beerys) on their counterclaim against Dennis Hartigan and their third-party complaint against Karen Hartigan. The propriety of the summary judgments is the sole issue presented on appeal.

The Beerys were barbecuing in their back yard when the Hartigans, accompanied by their son Jason, walked across the street to the front of the Beery home. While the four adults talked in front of the house, Jason went to play with the other children in the Beerys' back yard, where he cut his hand on a knife which was on top of the barbecue grill.

Dennis Hartigan—Jason's father—brought a personal injury action on his behalf against the Beerys, who then filed a counterclaim against Dennis Hartigan and a third-party complaint against Karen Hartigan—Jason's mother—seeking contribution for any part of Jason's injury which was caused by their negligent supervision. Both of the Hartigans moved for summary judgment based on the parent-child immunity doctrine, and this appeal followed the grant of those motions.

OPINION

It is contended by the Beerys, on appeal, that while the parent-child immunity doctrine immunizes parents from a direct suit for their child's injuries, it does not bar a defendant sued by a child from obtaining contribution where negligent supervision of the parents was a contributing cause of the child's injuries.

Initially, we note that contribution among joint tortfeasors was adopted by the Illinois Supreme Court in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, *cert. denied sub nom. Hinckley Plastic, Inc. v. Reed-Prentice Division Package Machinery Co.* (1978), 436 U.S. 946, 56 L. Ed. 2d 787, 98 S. Ct. 2849, and later codified in the Illinois Contribution among Joint Tortfeasors Act, which provides:

> "[W]here 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of

them." Ill. Rev. Stat. 1983, ch. 70, par. 302(a).

This court has recently noted that Illinois courts, when balancing the right of contribution with a conflicting immunity, have generally found that the law of contribution must prevail. (*Moon v. Thompson* (1984), 127 Ill. App. 3d 657.) In *Wirth v. City of Highland Park* (1981), 102 Ill. App. 3d 1074, 430 N.E.2d 236, it was held that interspousal tort immunity did not constitute a bar to a third-party action for contribution. The *Wirth* court reasoned that allowing common law doctrines to constitute loopholes in the contribution scheme would detract from the progress made by the Illinois courts in the equitable apportionment of fault. The court also noted that the legislative history of the Contribution Act indicated that the right of contribution was to take precedence over common law immunities. In *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382, the court came to the same conclusion when it balanced the policy considerations underlying contribution with the employers' immunity from direct actions provided for in the Workers' Compensation Act.

Illinois courts have specifically addressed the conflict between an immunity and the right to contribution in the context of the parent-child immunity. Thus, in *Larson v. Buschkamp* (1982), 105 Ill. App. 3d 965, 435 N.E.2d 221, where defendant sought contribution from the minor plaintiff's father for his alleged negligence in driving his automobile, the court, finding no public policy considerations which would compel a different result than that reached in *Wirth*, held that the parent-child immunity doctrine did not bar a third-party contribution action.

The issue of negligent supervision as a basis for contribution from a minor's parents was recently addressed in *Moon v. Thompson* (1984), 127 Ill. App. 3d 657. There, the minor plaintiff, while riding his bicycle, was struck by an automobile driven by defendant, who sought contribution from the minor's parents on allegations that they were negligent in fulfilling a statutory duty to instruct their child in regard to the laws pertaining to the operation of his bicycle. The parents argued that parental supervision is "a personal and private aspect of the family unit which falls squarely within the confines of the parental tort immunity doctrine" and that, in the context of a contribution action based on negligent supervision, "a parent's authority, discretion and control in rearing his child should prevail over any conflicting provisions of the Contribution Act." (*Moon v. Thompson* (1984), 127 Ill. App. 3d 657, 660.) The court, stating that the discretion and control of the parents was already circumscribed by the legislature's imposition of a specific statutory duty to oversee their child's actions with respect

to the operation of a bicycle (Ill. Rev. Stat. 1977, ch. 95½, par. 11—1501(b)), followed the reasoning of *Larson* in holding that the parent-child immunity did not bar the contribution action.

The present case, however, differing from *Doyle, Wirth, Larson,* and *Moon,* concerns a pure case of alleged negligent supervision by a parent, *i.e.,* one not involving a statutory violation. Thus, since the doctrine of parent-child immunity in tort actions is a "court-formulated rule which is not based on an absence of *duty* but upon immunity from suit" (*Johnson v. Myers* (1972), 2 Ill. App. 3d 844, 845, 277 N.E.2d 778-79), we must determine whether such a pure negligent supervision case involves additional policy considerations which would compel us to deny third parties the right to contribution.

In this regard, we note that our supreme court has stated that it is particularly the province of the courts, who created the doctrine of parental immunity, "to interpret and modify that doctrine to correspond with prevalent considerations of public policy and social needs." (*Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 619, 131 N.E.2d 525, 531.) Here, the parent-child immunity doctrine which, as the *Moon* court recently noted, is a doctrine which has steadily been eroded by the Illinois courts, is pitted against the strong Illinois policy of equitable apportionment of fault, and it is our belief that the legislative history of the contribution statute indicates that the right of contribution must prevail over any parent-child immunity. It has been stated that "[the right of contribution] *is not a derivative right and thus is not barred by any common law or statutory immunity* which would preclude the prime claimant from pursuing an action directly against the party from whom contribution is sought." (Comment, *Comparative Contribution: The Legislative Enactment of the Skinner Doctrine,* 14 J. Mar. L. Rev. 173, 193 (1980), quoting legislative history behind Senate Bill 308, published by the Chicago Bar Association's Civil Practice Committee, at 2.) We think this conclusion finds support in the language used by our supreme court in its interpretation of the contribution statute in *Doyle v. Rhodes,* where it is stated that "the intent of the contribution statute was to reach anyone who is culpable regardless of whether they have been immunized from a direct tort action by some special defense or privilege." *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 9, 461 N.E.2d 382, 386.

Balanced against such a clear indication of legislative intent and the strong underlying policy of equitable apportionment of fault, we do not believe that the parental need for discretion in supervising and disciplining their children should prevail over a third party's right to contribution. The Illinois case upon which the parental immunity doctrine

is based states that it is founded upon a public policy affecting family government and assures that the child shall not contest the parent's right to govern the child. (*Foley v. Foley* (1895), 61 Ill. App. 577.) Solely intrafamilial disputes, however, will not be affected by our decision in this case and, since the supreme court has stated that "[a]ny justification for the rule of parental immunity can be found *only* in a reluctance to create litigation and strife between members of the family unit" (emphasis added) (*Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 619, 131 N.E.2d 525, 531), we cannot justify application of the immunity doctrine to bar actions by parties outside the family unit. The use of the parent-child immunity to insulate the parents from a contribution action is simply not consistent with our present system of equitable apportionment of fault. We therefore find that the right of the Beerys here to contribution from the Hartigans based on negligent supervision of their child is not barred by the parent-child immunity.

We are aware of the cases in other jurisdictions cited by the Hartigans which have addressed this issue and of the disparate results reached by those courts, ranging from denial of a third-party right to contribution (*Holodook v. Spencer* (1974), 36 N.Y. 2d 35, 364 N.Y.S.2d 859, 324 N.E.2d 338), to abrogation of the entire parent-child immunity (*Gibson v. Gibson* (1971), 3 Cal. 3d 914, 479 P.2d 648, 92 Cal. Rptr. 288). We note that in *Holodook*, which was relied upon as persuasive support for the similar finding in the third case cited by the Hartigans, *Schneider v. Coe* (Del. 1979), 405 A.2d 682, the court partially based its decision on its conclusion that the allowance of a counterclaim or third-party complaint against a parent for negligent supervision of his child would be contrary to the legislative policy expressed in its contribution statute. Furthermore, although these cases discuss the arguments raised by the briefs of the parties in the present case, we find nothing so persuasive that we will ignore the Illinois contribution statute and the legislative intent here to have the right of contribution prevail over common law immunities.

For the reasons stated above, the trial court's order dismissing the Beerys' counterclaim and third-party complaint is reversed, and this case is remanded for further proceedings.

Reversed and remanded.

MEJDA, P.J., and PINCHAM, J., concur.