Amy N. DUENSING, a minor by her father and next friend, Clint W. DUENSING, and Clint Duensing, Individually, Plaintiffs,

v.

Michael L. TRIPP, Defendant,

Michael L. TRIPP,
Third-Party Plaintiff,

v.

Sherri DUENSING,
Third-Party Defendant.

Civ. No. 83–3350.

United States District Court,
S.D. Illinois.

June 28, 1985.

Stephen M. Tillery, Kassly, Bone, Becker, Dix & Tillery, P.C., Belleville, Ill., for plaintiffs.

John B. Gunn, Walker & Williams, P.C., Richard F. Nash, Gundlach, Lee, Eggmann, Boyle & Roessle, Belleville, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is third-party defendant, Sherri Duensing's motion to dismiss the third-party complaint (Document No. 32).

Clint Duensing brought this negligence action on behalf of his daughter Amy Duensing for damages incurred when an automobile driven by the defendant, Michael Tripp, struck Amy. The defendant filed a third-party complaint seeking contribution from Sherri Duensing, Amy's mother, alleging that Amy's injuries resulted in part from Sherri's negligent supervision of Amy. On October 29, 1984, this Court dismissed the third-party complaint. (See *Duensing v. Tripp*, 596 F.Supp. 389 (S.D. Ill.1984). In its memorandum and order the Court noted that a defendant could seek contribution only from those who were liable to the plaintiff for the same injury. From this the Court reasoned that the proper approach to employ to decide the issue was to first ascertain whether or not Illinois would recognize a tort of negligent supervision upon which to premise liability, and second, if such a tort existed, whether parental immunity would defeat liability. The Court proceeded to hold that Illinois would not recognize a tort of negligent supervision.

On November 19, 1984, the defendant asked the Court to reconsider this ruling, arguing that paragraph (b) of the third-par-

ty complaint did not sound in negligent supervision. The Court disagreed, but granted the defendant leave to amend the third-party complaint to conform to the recent case of *Moon by Moon v. Thompson,* 127 Ill.App.3d 657, 82 Ill.Dec. 831, 469 N.E.2d 365 (1984). The defendant amended his third-party complaint repleading paragraphs (a) through (c) and adding paragraph (d) which alleged that Sherri Duensing authorized or permitted her daughter, Amy, to cross the street other than in the crosswalk without yielding the right-of-way to vehicles. Sherri Duensing has now moved to dismiss the amended third party complaint contending that paragraphs (a) through (c) have already been dismissed and that paragraph (d) fails to state a claim upon which relief can be granted.

The Court agrees with the third-party defendant that paragraphs (a)–(c) have already been dismissed. The gist of the defendant's memorandum in opposition to the motion to dismiss is that this Court was incorrect in its earlier ruling. The defendant vigorously argues that parental immunity is on its way out in Illinois, and that Illinois would recognize a tort of negligent supervision in this context. After reconsidering these arguments for the third time the Court stands on its earlier decision that although the parental immunity doctrine in the contribution context may be abrogated in Illinois, Illinois would not recognize a tort for the parent's negligent supervision of the child. Therefore, the defendant can not seek contribution from the parent as alleged in paragraphs (a)–(c).

Paragraph (d) of the amended third party complaint states that Sherri Duensing: "Authorized or knowingly permitted Amy N. Duensing to cross Eastview Drive other than within the marked crosswalk without yielding the right-of-way to vehicles then upon Eastview Drive." In support of this claim for contribution, the defendant relies on *Moon By Moon v. Thompson,* 127 Ill. App.3d 657, 82 Ill.Dec. 831, 469 N.E.2d 365 (1984). In *Moon,* a father brought suit on behalf of his son against an automobile driver for injuries sustained when his son was struck by the automobile while driving his bicycle. The defendant driver sought contribution from the child's parents alleging that they were under a statutory duty to properly instruct their son with regard to the laws pertaining to the operation of a bicycle. The First District held that the parental immunity doctrine would not bar the contribution claim. The court stated that "[t]his is not a pure case of negligent supervision; rather, the parental supervision at issue in this case concerns a statutory duty imposed upon parents by the legislature." 82 Ill.Dec. at 833, 469 N.E.2d at 367.

The defendant asks this Court to extend the analysis of *Moon* to hold that the parents are under a statutory duty to oversee the actions of their child with regard to all activity covered under the Illinois Motor Vehicle Code. Specifically, the defendant contends that a subsection of Article XV in Chapter 11 of the Motor Vehicle Code pertains to the entire Code. Ill.Ann.Stat. Ch. 95½ § 11–1501 (Smith-Hurd Supp.1984–85) provides:

> Application of rules. (a) It is unlawful for any person to do any act forbidden or fail to perform any act required in Article XV of Chapter 11 of this Code.
>
> (b) The parent of any child and the guardian of any ward shall not authorize or knowingly permit any such child or ward to violate any of the provisions of this Code.

In *Moon,* the court employed subsection (b) above to find that the parents had a statutory duty to oversee the actions of their child with regard to operations of a bicycle. Although subsection (b) is located in the article pertaining to bicycles, the defendant argues that a parent has statutory duty to oversee the actions of his child as they relate to the entire Vehicle Code since subsection (b) specifically refers to the "Code." Stated another way, the defendant contends that the Illinois Legislature intended subsection (b) to apply to the entire Code since subsection (a) is limited explicitly to Article XV of the Code, where-

as subsection (b) contains no such limitation.

The Court admits that a literal reading of the subsection supports the defendant's contention; although one can only wonder why the Legislative would place a provision pertaining to the entire Vehicle Code in a subsection of the article on bicycle operations. In any event, assuming that the subsection does apply to the other provisions of the Code so as to create a statutory duty on the part of the parents to oversee their child's actions as they relate to the Code, the Court is of the opinion that the defendant's claim must still fail.

As stated above and in the earlier order, the first issue that must be resolved is whether the *parent* would be liable to the child for a breach of this statutory duty absent the immunity. Again, the Court believes that the Illinois Supreme Court would not recognize, nor did the legislature intend to create such an action absent the immunity.

█ The Court has thoroughly reviewed the *Moon* decision and the recent case *Hartigan v. Beery*, 128 Ill.App.3d 195, 83 Ill. Dec. 445, 470 N.E.2d 571 (1984). Although *Beery* explicitly, and *Moon* by implication, recognize a defendant's right to contribution from the parent with regard to facts similar to the ones before this Court, neither case specifically addresses whether or not an action for negligent supervision exists in a parent-child situation, a determination this Court feels must be made prior to ascertaining whether or not contribution would apply. The Court realizes that when sitting in diversity it must apply the law of the forum state as that state's highest court decides it. It also realizes that when the state's highest court has not ruled on an issue, intermediate appellate court decisions constitute the next best indicia of what the state law is. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4507 n. 37. Although, this Court cannot refuse to follow them because it feels that they are unsound, it is not bound to blindly adhere to them if other data exists which would indicate the state's highest court would decide otherwise. *Id.*

█ Here, the Court is not facing a situation where all the districts of the Illinois Appellate Court have ruled on the issue and are consistent. Both *Moon* and *Hartigan* arose from the First District. No other district has addressed the issue. The Second District has recognized that negligent supervision presents a special situation but refused to address the issue. *Larson v. Buschkamp*, 105 Ill.App.3d 965, 61 Ill.Dec. 732, 435 N.E.2d 221 (1982). This, together with the fact that both decisions neglected to determine whether or not negligent supervision would form the basis of a tort action between the child and parent, indicate that Illinois Supreme Court would decide otherwise.

Accordingly, the third-party defendant's motion to dismiss (Document No. 32) is hereby GRANTED. The defendant's third-party complaint seeking contribution is hereby DISMISSED.

IT IS SO ORDERED.